
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 14-37-BLG-SPW |
| Plaintiff/Respondent, | CV 18-57-BLG-SPW |
| vs. | ORDER DISMISSING § 2255 MOTION AND GRANTING CERTIFICATE OF APPEALABILITY |
| BROGAN YARDLEY RAYMOND, | |
| Defendant/Movant. | |

This case comes before the Court on Defendant/Movant Raymond's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Raymond is a federal prisoner proceeding pro se.

## I. Background

The present motion is the second Raymond has filed in this Court under § 2255. On June 24, 2016, Raymond—represented by counsel—filed a motion under 28 U.S.C. § 2255, alleging a right to relief under *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015). The motion challenged his base offense level under U.S.S.G. § 2K2.1(a)(2). Its application depended on characterizing one or two of his prior convictions as a "crime of violence," and the guidelines defined that phrase in terms identical to those the Supreme Court held unconstitutionally vague in *Johnson*.

1

On June 27, 2016, the Court ordered the United States to file an answer. On the same day, the Supreme Court granted *certiorari* in *Beckles v. United States*, No. 15-8544 (U.S. pet. for cert. filed Mar. 9, 2016). On June 30, 2016, the Court stayed the proceedings pending a decision in *Beckles*. *See* Text Order (June 30, 2016).

On March 6, 2017, the Supreme Court decided that the advisory sentencing guidelines are not subject to due process challenges for vagueness. *See Beckles*, __ U.S. __, 137 S. Ct. 886, 890 (2017).

On March 14, 2017, Raymond moved the Court to defer ruling on his § 2255 motion. The Court denied the motion to defer ruling. *See* Mot. to Defer (Doc. 34); Order (Doc. 35).

On March 27, 2017, Raymond voluntarily dismissed his § 2255 motion. *See* Notice (Doc. 36); Order (Doc. 37).

## II. Second or Successive Motion

Nearly a year after he dismissed his first § 2255 motion, Raymond filed the present one. He now challenges the voluntariness of his guilty plea and the application of the sentencing guidelines. He also asserts an equal protection violation because "once the Johnson Law was passed my case was never reviewed by a judge." *See* Mot. § 2255 (Doc. 38) at 4-5.

Not every § 2255 motion filed after denial or dismissal of a previous § 2255

motion is a prohibited "second or successive" motion. Voluntary or even involuntary dismissal of a first § 2255 motion will not block the filing of a second motion if, for instance, the first motion is dismissed because direct appeal is still pending. *See, e.g.*, *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997). As another example, a defendant may withdraw a document that is in substance a § 2255 motion if, once advised of the true nature of his motion, he chooses not to proceed at that time. *See, e.g.*, *Castro v. United States*, 540 U.S. 375, 377 (2003).

But Raymond's dismissal of his first § 2255 motion has only one "tenable interpretation." *See Felder v. McVicar*, 113 F.3d 696, 698 (7th Cir. 1997). He read the writing on the wall. The Supreme Court's ruling in *Beckles* meant that a *Johnson* claim lacked merit, and Raymond made no other claim. In these circumstances, voluntary dismissal was "an admission of defeat." *Felder*, 113 F.3d at 698; *see also Thai v. United States*, 391 F.3d 491, 494–96 (2d Cir. 2004) (per curiam) ("[T]he reasons for which a petitioner withdraws a § 2255 petition should govern the analysis of whether that petition counts for successive purposes, at least where the reasons for withdrawal are reasonably discernible."); *In re Moore*, 735 Fed. Appx. 883, 885–86 (6th Cir. 2018); *Provenzale v. United States*, 388 Fed. Appx. 285, 287 (4th Cir. 2010).

In actions under § 2255, the Federal Rules of Civil Procedure apply "to the extent that they are not inconsistent with any statutory provisions." Rule 12, Rules

Governing § 2255 Proceedings; *see also, e.g., Gonzalez v. Crosby*, 545 U.S. 524, 530-35 (2005) (recognizing that Rule 60(b) "has an unquestionably valid role to play in habeas cases," but not when a motion under the rule "is in substance a successive habeas petition"); *Mayle v. Felix*, 545 U.S. 644, 662-63 (2005) (reasoning that the phrase "conduct, transaction, or occurrence" in the relation-back rule, Fed. R. Civ. P. 15(c)(1)(B), cannot mean "the same trial, conviction, or sentence," because that interpretation would frustrate limitations periods under 28 U.S.C. §§ 2244(d)(1) and 2255(f)).

Under § 2255, the criminal defendant is the moving party who initiates a collateral action challenging the validity of a criminal conviction or judgment. The rule that authorized Raymond to dismiss his action before the United States responded or the Court ruled on the merits was Federal Rule of Civil Procedure 41(a)(1)(A)(i).[1] As with Rule 60(b) in *Gonzalez* and Rule 15(c) in *Felix*, the rule's application must be informed by Congress's intent in enacting stringent limitations

---

[1] The Federal Rules of Criminal Procedure also apply, under the same limiting condition as the civil rules. *See* Rule 12, Rules Governing § 2255 Proceedings. But, with few and narrow exceptions, the criminal rules do not authorize dismissal of a criminal action, reopening of proceedings in the case, or modification of a sentence after entry of judgment. *See, e.g., United States v. Hanoum*, 33 F.3d 1128, 1130-31 (9th Cir. 1994); Fed. R. Crim. P. 35. The validity of the criminal judgment can be attacked and the judgment dismissed or proceedings reopened only through an action equivalent to a petition for writ of habeas corpus. Section 2255 authorizes filing of a motion in the criminal case because that puts the collateral attack before the court that entered the criminal judgment. *See United States v. Hayman*, 342 U.S. 205, 214-19 (1952) (concluding that the "sole purpose" in enacting § 2255 "was to minimize the difficulties encountered in habeas corpus hearings by affording the same rights in another and more convenient forum.").

on second or successive motions. It would be inconsistent with 28 U.S.C. §

2255(h) to allow a defendant who sought relief under *Johnson* to evade the

limitations on second or successive motions merely because he voluntarily

dismissed the collateral action when new legal authority negated his claim. *Cf.*

*United States v. Buenrostro*, 638 F.3d 720, 722 (9th Cir. 2011) (per curiam)

(applying *Gonzalez* to motion under § 2255); *see also Felder*, 113 F.3d at 698.

Some circuit precedent might suggest Raymond may go ahead with the

present motion. *See, e.g., Howard v. Lewis*, 905 F.2d 1318, 1323 (9th Cir. 1990);

*Johnson v. Lumpkin*, 769 F.2d 630, 636 (9th Cir. 1985). *Howard* was reaffirmed in

2005 with respect to its holding that dismissal with prejudice of a state prisoner's

habeas petition for procedural default barred a second petition. *See Henderson v.*

*Lampert*, 396 F.3d 1049, 1053 (9th Cir. 2005). But the aspect of *Howard* that

suggests a court must make a ruling is not consistent with § 2255(h). The relevant

statutory language refers to an "application," § 2255(h), or a "claim presented," 28

U.S.C. § 2244(b), not a decision or ruling. And *Howard* and *Johnson* predate

Congress's restrictions on second or successive motions in § 2255(h). They are

superseded by the statutory amendment and are clearly irreconcilable with

*Gonzalez v. Crosby*, 545 U.S. at 530-35. This Court should not follow them. *See*

*Gonzalez v. Arizona*, 677 F.3d 383, 389 n.4 (9th Cir. 2012) (en banc).

Raymond may still proceed with his motion if he can persuade the Court of

Appeals that he meets the stringent criteria of 28 U.S.C. § 2255(h). But he must meet those criteria before he may proceed in this Court.

## III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Although the Court has not taken a hard look, most of Raymond's claims appear to lack merit. He alleges, without elaboration, that counsel "coerced" him to plead guilty. *See* Mot. § 2255 (Doc. 38) at 4 ¶ 5A. Given an opportunity to amend his motion to allege additional facts, he might make a substantial showing that he was deprived of a constitutional right. The procedural question, however, should be addressed by the Ninth Circuit. Because there is reason to encourage further proceedings, a COA will be granted.

If Raymond chooses to appeal this Court's decision in this Order, he must

file a notice of appeal within 60 days and may then move the Court of Appeals to appoint new counsel to represent him.

## IV. Application to File Second or Successive Motion

In addition to pursuing an appeal, or instead of appealing, Raymond may also choose to apply to the Court of Appeals for leave to file a second or successive motion under 28 U.S.C. § 2255.

The Court is not recommending any particular course of action. It is merely advising Raymond, who is proceeding pro se, that he may choose to appeal, may apply for leave to file a second § 2255 motion, may do both, or may do neither. At this point, all of his options rest with the Court of Appeals, not with this Court.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Raymond's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 38) is DISMISSED for lack of jurisdiction as an unauthorized second or successive motion.

2. A certificate of appealability is GRANTED. The clerk shall immediately process the appeal if Raymond files a Notice of Appeal.

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 18-57-BLG-SPW are terminated and shall close the civil file by entering a judgment of dismissal.

4. The clerk shall include with Raymond's service copy of this Order a form

application for leave to file a second or successive motion.

DATED this _28th_ day of September, 2018.

Susan P. Watters
United States District Court